United States District Court
Southern District of Texas
**ENTERED**
September 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH SOWELL, | § | |
| TDCJ #01322390, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-4411 |
| | § | |
| JEFFERY RICHARDSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Sowell, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), is incarcerated at the Estelle Unit. Sowell filed this action on December 30, 2020, complaining that the defendants were not honoring his "no walking over 25 yards" restriction and forcing him to walk longer distances, causing him excruciating pain in his knee. He brings claims against seven defendants: Warden Jeffrey Richardson; Captain Hill; Bradley Vessel, MD; Michelle Northcutt, RN; TDCJ; the Estelle Unit Medical Department; and H.M. Pederson. The Court previously dismissed Sowell's claims under 28 U.S.C. § 1915(g) but, after the Fifth Circuit determined that Sowell had not previously accumulated three strikes, reinstated the case.

This order addresses two motions recently filed by Sowell: a motion for leave to file a supplemental complaint and a motion for a temporary restraining order.

## 1. Motion for Leave to File a Supplemental Complaint

Sowell seeks the Court's leave to file a supplemental complaint in order to bring

claims regarding recent events against two persons who are not defendants to this action: Major Metcaff and Property Officer Kizzy. *See* Dkt. 34 (proposed supplemental complaint); Dkt. 36 (motion for leave to file supplemental complaint). When a plaintiff seeks to supplement the pleadings and bring a claim based on events that happened "after the date of the pleading to be supplemented," the request is governed by Rule 15(d). *Haggard v. Bank of Ozarks Inc.*, 668 F.3d 196, 202 (5th Cir. 2012).  Whereas Rule 15(a) provides that leave to amend should be "freely given," the text of Rule 15(d) contains no such provision.  *Burns v. Exxon*, 158 F.3d 336, 343 (5th Cir. 1998).  Nevertheless, "the discretion exercised in deciding whether to grant leave to amend is similar to that for leave to file a supplemental pleading."  *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983) (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1504 (1971)); *see Lowrey v. Beach*, 708 F. App'x 194, 195 (5th Cir. 2018).

Sowell alleges that, during a "shakedown" on August 21, 2022, Metcaff threatened to discard Sowell's property if Sowell did not carry it, even though Sowell is disabled and entitled to protections under a TDCJ institutional directive and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA).  *See* Dkt. 34, at 1; *id*. at 6-7 (Exhibits A & B documenting medical restrictions and equipment). He also alleges that, on the same day, Metcaff and Kizzy confiscated his property because it did not fit in "the red crate," despite Sowell's protestations that he currently is litigating several matters (*id.* at 1-2).  He filed written complaints about the handling of his property, and attaches documents reflecting responses from unidentified officials. *See* Dkt. 37, at 1 (response states, "you

have NEVER asked for additional storage in accordance with ATC-040 & BP-03.72" and therefore "you don't qualify to keep additional property[,] legal or not[,] in your cell"); *id.* at 2 (response states, "you did not ask for a legal box therefore you are not qualified for extra storage and all of your property must be in compli[a]nce with AD-03.72").

Sowell filed his current motion within days of the shakedown on August 21. He alleges violations of his rights under the ADA and the First Amendment, which protects the right to access the courts (Dkt. 34, at 2). He further alleges that, in the days between the incident and his filings, his legal property had not yet been returned (*id.*; *see* Dkt. 32 (letter from Sowell to Kizzy dated August 26, 2022, seeking return of his property). He does not state whether he filed an administrative grievance regarding the incident.

Although Sowell's proposed supplemental complaint alleges violations of the ADA, as did his original complaint, the allegations against Metcaff and Kizzy are unrelated to Sowell's claims in this lawsuit. Sowell's original complaint alleges that, in 2020, officials refused to honor his walking restriction, in violation of his rights under the ADA and the Eighth Amendment. Additionally, Metcaff and Kizzy are not defendants in this action and their alleged violations of Sowell's rights occurred nearly two years after the incidents relevant to Sowell's original claims. For all of these reasons, the Court in its discretion **DENIES** Sowell's motion to supplement the pleadings (Dkt. 36). *See Burns*, 158 F.3d at 343; *Lowrey*, 708 F. App'x at 195. Sowell may, if appropriate, exhaust his administrative remedies against Metcaff and Kizzy and file a separate civil action against them to pursue his claims regarding the August 21, 2022, incident.

## 2.    Motion for a Temporary Restraining Order

Sowell has filed motion for a temporary restraining order (Dkt. 33).  A plaintiff seeking preliminary injunctive relief must establish "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018). The Fifth Circuit has cautioned that a preliminary injunction "is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Defense Distributed v. U.S. Dep't of State*, 838 F.3d 451, 457 (5th Cir. 2016) (cleaned up). Further, because this case concerns prison conditions, the PLRA imposes additional restrictions on the court's authority to grant any injunction. A prisoner may not obtain a preliminary injunction unless the court first finds that such relief is narrowly drawn, extends no further than necessary to correct the harm the court finds requires preliminary relief, and is the least intrusive means necessary to correct the harm. *See* 18 U.S.C. § 3626(a)(2). In considering a prisoner's request for prospective relief, the reviewing court "shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system" caused by the relief and shall respect the certain principles of comity where state or local law is concerned. 18 U.S.C. § 3626(a)(1).

Sowell seeks an order directed at Metcaff and Kizzy regarding the August 21, 2022,

incident with his property.  He alleges that he informed Metcaff that, due to his disabilities, he was unable to carry his property to the gym as instructed, but that Metcaff told him that if he did not comply with the instructions, officials would discard his property.  He also alleges that, on the same day, Metcaff and Kizzy confiscated his property because it did not fit in "the red crate," despite Sowell's protests that he currently is litigating several lawsuits, in violation of his right to access the courts (Dkt. 33, at 1).  He claims that both officials are violating TDCJ's policies regarding special needs offenders, the ADA, and his First Amendment right to access the courts. *See Lewis v. Casey*, 518 U.S. 343, 356-57 (1996) (a prisoner's right of access to the courts is not unlimited and encompasses only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [an inmate's] convictions or conditions of confinement"); *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (a plaintiff states a claim for discrimination under the ADA if he alleges: "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability"). Sowell seeks an order directing Metcaff and Kizzy to return his property, to answer his motion, and to "stop the harassment and retaliation" (Dkt. 33, at 2).

Sowell fails to show that he is entitled to preliminary injunctive relief. Metcaff and Kizzy are not defendants in this suit, and the Court has denied Sowell's motion to supplement his complaint to bring claims against them.  Additionally, based on the current record, he has not demonstrated that he is likely to succeed on the merits of his claims or

that his threatened injury outweighs the harm to the prison if an injunction were issued. *See Jones*, 880 F.3d at 759. Although Sowell alleges that Metcaff threatened to discard his property, or that Metcaff and Kizzy confiscated his property, his filings also indicate that staff was following policy regarding storage of his property.  *See* Dkt. 37, at 1-2 (staff informs Sowell that he was not entitled to extra storage under specific TDCJ policies). Prison administrators are accorded wide-ranging deference in the adoption and execution of policies that, in their judgment, are needed to preserve internal order and discipline in the daily operations of the prison system. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979). He also fails to show that he could prevail on the elements of a First Amendment or ADA claim, as set out above.  *See Lewis*, 518 U.S. at 356-57; *Hale*, 642 F.3d at 499.  On this record, therefore, Sowell's showing is insufficient to meet his burden to show a likelihood of success on the merits of a claim under the ADA or the First Amendment.[1] His request for temporary injunctive relief (Dkt. 33) therefore is **DENIED**.

### 3.    Conclusion

For the reasons stated above the Court orders as follows:

---

[1]      Additionally, although Sowell also accuses Metcaff and Kizzy of retaliation and harassment due to several pending lawsuits, he provides no specific facts that could state a claim for retaliation by any person based on this lawsuit.  *See Baughman v. Hickman*, 935 F.3d 302, 312 (5th Cir. 2019) (to state a valid claim for retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (to show intent, the inmate must allege more than his personal belief that he is the victim of retaliation).

1.       The plaintiff's motion for leave to file a supplemental complaint (Dkt. 36) is

**DENIED**.

2.       The plaintiff's motion for temporary injunctive relief (Dkt. 33) is **DENIED**.

The Clerk will provide a copy of this order to the plaintiff.

SIGNED at Houston, Texas, on _____September 7_____, 2022.


_____
          GEORGE C. HANKS, JR.
     UNITED STATES DISTRICT JUDGE