United States District Court
Southern District of Texas
**ENTERED**
April 01, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH SOWELL, | § | |
| TDCJ #01322390, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-4411 |
| | § | |
| JEFFERY RICHARDSON, *et al*., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Sowell, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeds *pro se* and *in forma pauperis* in this civil rights action. Sowell claims that the defendants violated his rights in connection medical care and accommodations for his severe knee pain. Three defendants have filed two motions to dismiss (Dkt. 75; Dkt. 76), and Sowell has responded (Dkt. 88; Dkt. 89). Having considered the motions, the pleadings, the legal authorities, and all matters of record, the Court will **grant** the motion to dismiss all claims against Warden Jeffery Richardson and otherwise **deny** the motions. The Court's reasons are explained below.

### I.     BACKGROUND

Sowell originally brought this case against seven defendants, complaining of events from September through November 2020. *See* Dkt. 26 (amended complaint); Dkt. 50 (more definite statement). The Court granted Sowell leave to file a second supplemental

1 / 11

complaint (Dkt. 51), which brought claims about events from August through October 2022.

After screening Sowell's claims, the Court dismissed three defendants and ordered four defendants to answer:  Warden Richardson; Captain Paul Hill; Michelle Northcutt, RN; and TDCJ (Dkt. 58).  Sowell alleges that Richardson, Hill, and Northcutt violated his Eighth Amendment rights because they were deliberately indifferent to his severe knee pain, his medical restriction against walking more than 25 yards, and his need for a wheelchair and/or special housing. He alleges that TDCJ violated his rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA), because it failed to accommodate his disability caused by the knee pain by honoring his walking restriction or assigning him a wheelchair or special housing. He also claims that the defendants denied him access to services and programs including the library, the day room, and church services.  He seeks monetary damages (Dkt. 26, at 18; Dkt. 50, at 12).

Northcutt, Richardson, and TDCJ have appeared and filed two motions to dismiss (Dkt. 75; Dkt. 76).  They seek dismissal of Sowell's claims against Warden Richardson on multiple grounds, including failure to state a claim on which relief can be granted.  They additionally seek dismissal of all of Sowell's claims on exhaustion grounds.  The remaining defendant, Captain Hill, has not been served with process.  A summons for Hill, which was sent to his last known address as supplied by the Office of the Attorney General, was returned unexecuted with a notation that Hill left the residence in November 2023 (Dkt. 91).

On February 6, 2024, the Court granted the defendants motion to stay deadlines for TDCJ's disclosures and the defendants' dispositive motions pending its ruling on the two pending motions to dismiss (Dkt. 92).

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).  Federal pleading rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington*, 563 F.3d at 147 (cleaned up).

The court's review under Rule 12(b)(6) is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (on a Rule 12(b)(6) motion, documents attached to the briefing may be considered by the court if the documents are sufficiently referenced in the complaint and no party questions their authenticity (citing 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004))). The Court may also rely on judicially noticed facts. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

### B. *Pro Se* Pleadings

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

III.   **ANALYSIS**

A.   **Warden Richardson**

Sowell alleges that Warden Richardson violated his rights when Richardson denied Sowell's Step 1 grievance.  Richardson seeks dismissal of all claims based on the failure to state a claim on which relief can be granted, among other grounds.

The Due Process Clause protects an inmate's liberty interest in "freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Geiger*, 404 F.3d at 374.  This protection does not include a federally protected interest in having grievances resolved to an inmate's satisfaction.  *Id.* If an inmate is able to make claims through the grievance system, and if prison officials respond by investigating the claim and providing a written justification for the denial of relief, the inmate is not entitled to relief under the Due Process Clause.  *Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014).

Here, Sowell claims that Warden Richardson violated his rights when he denied Sowell's Step 1 grievance (Dkt. 26, at 15).  In Grievance 2021007195, attached to Sowell's pleading, he complained on September 16, 2020, that a medical order preventing him from walking more than 25 yards but that the order was not being obeyed.  In denying the grievance, Richardson stated that his office had investigated and that Sowell's restriction against walking more than 25 yards was "a work restriction not a housing restriction" (Dkt. 26, at 49-50).  Sowell claims that Richardson was aware of the restriction but nevertheless acted "recklessly" and with "cal[l]ous Indifference" to the order when denying the

grievance (Dkt. 26, at 15; *see* Dkt. 50, at 5 (arguing that Richardson improperly failed to honor his walking restriction or change his housing assignment, despite the grievance making him aware of his excruciating knee pain)). He maintains that Richardson's denial was erroneous because the restriction was a "medical order" that applies to housing as well as work assignments (Dkt. 50, at 11).

Sowell's pleadings identify no specific action or inaction by Richardson apart from the grievance denial. His responses to the motions to dismiss also identify only Richardson's denial of the grievance. *See* Dkt. 88, at 4 (alleging that Richardson denied the grievance and continued to disregard his walking restriction); Dkt. 89, at 1 (claiming that Richardson failed to accommodate his 25-yard walking restriction when he denied Sowell's grievance)).[1]

Sowell's allegation that Warden Richardson denied his Step 1 grievance is insufficient to state a valid claim for relief against Richardson under the Due Process Clause. *See Geiger*, 404 F.3d at 374. Richardson's motion to dismiss will be granted on this basis.[2] The Court thus does not address other grounds in Richardson's motion, including exhaustion of remedies and qualified immunity.

---

[1]     To the extent Sowell alleges that Richardson failed to accommodate his disability in violation of the ADA, he pleads no specific facts other than the grievance denial. *See* Dkt. 26, at 15; Dkt. 50, at 3, 5-6.

[2]     To the extent Sowell's pleadings could be construed to allege that Warden Richardson's grievance denial was deliberately indifferent to a substantial risk of serious bodily harm under the Eighth Amendment, his claim also would fail. *See Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015) (deliberate indifference is a demanding standard and allegations of negligence are insufficient); *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (a supervisory official may only

### B.       Exhaustion

In both pending motions to dismiss, the defendants argue that Sowell's claims should be denied for failure to exhaust administrative remedies.  In one motion, Northcutt seeks dismissal of Sowell's claims in the amended complaint and more definite statement (Dkt. 76).   In the other, Northcutt and TDCJ seek dismissal of Sowell's second supplemental complaint (Dkt. 75).

Under the Prisoner Litigation Reform Act (PLRA), inmates bringing an action regarding prison conditions under 42 U.S.C. § 1983 or other federal law must first exhaust all administrative remedies "as are available."  42 U.S.C. § 1997e(a); *see Ross v. Blake*, 578 U.S. 632 (2016); *Jones v. Bock*, 549 U.S. 199 (2007).[3]  The exhaustion requirement is mandatory and strictly enforced. *Moussazadeh v. Texas Dep't of Criminal Justice*, 703 F.3d 781, 789-90 (5th Cir. 2012), *as corrected* (Feb. 20, 2013); *Dillon v. Roger*, 596 F.3d 260, 268 (5th Cir. 2010).   The grievance process must be completed before a federal complaint is filed, and "[i]t is irrelevant whether exhaustion is achieved during the federal proceeding." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). The PLRA does not allow a district court to make a "special circumstances" exception to the exhaustion

---

be held liable under 42 U.S.C. § 1983 if he "affirmatively participates" in the constitutional deprivation or implements an unconstitutional policy that causes the injury); *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 425 (5th Cir. 2006) ("[t]here is no vicarious or *respondeat superior* liability of supervisors under section 1983").

[3]      The exhaustion requirement also applies to Sowell's claim under the ADA.  *See* 42 U.S.C. § 1997e(a) (requiring exhaustion for actions under §1983 "or any other Federal law"); *Fauconier v. Clarke*, 966 F.3d 265, 274 (4th Cir. 2020) (concluding that ADA claim is subject to the PLRA's exhaustion requirement).

provision to permit prisoners "to pursue litigation even when they have failed to exhaust available administrative remedies." *Ross*, 578 U.S. at 635; *see Gonzalez*, 702 F.3d at 788. Rather, the only exception is "that statute's built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'" *Ross*, 578 U.S. at 635-36.

The TDCJ has a two-step formal grievance process, and an inmate must pursue a grievance through both steps for the claim to be considered exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). When an inmate's grievance is against an individual prison officer, "the reviewing officials can ordinarily expect details regarding who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter." *Gray v. White*, 18 F.4th 463, 469 (5th Cir. 2021) (cleaned up). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204.

The defendants bear the burden of proof on exhaustion, which is an affirmative defense. *Dillon*, 596 F.3d at 266. A motion under Rule 12(b)(6) may be based on an affirmative defense "provided that the affirmative defense appears on the face of the complaint" and that the pleadings "reveal beyond doubt that the plaintiffs can prove no set of facts that would overcome the defense or otherwise entitle them to relief." *Am. Precision Ammunition, L.L.C. v. City of Min. Wells*, 90 F.4th 820, 824 (5th Cir. 2024) (cleaned up).

Here, the defendants' motions rely exclusively on the grievance records presented by the plaintiff. In the first motion, which pertains to exhaustion of Sowell's claims about his severe knee pain in September through November 2020, Northcutt cites to the grievance records filed with Sowell's amended complaint. She argues that the records he submitted do not reflect any complaint against her, instead focusing exclusively on the actions of Hill, and that the grievance was dated September 16, 2020, eleven days before Sowell's alleged encounter with her on September 27, 2020 (Dkt. 76, at 5 (citing Dkt. 26, at 49-52 (Grievance No. 2021007195))). On this basis, she seeks dismissal with prejudice of all claims against her in the amended complaint and more definite statement.

Sowell pleads that he exhausted his remedies for all claims (Dkt. 26, at 10) and, in his response to the pending motions, further states that he filed additional grievances against Northcutt "which discovery will reveal" (Dkt. 88, at 2; *see* Dkt. 93). Additionally, Northcutt acknowledges in her motion that it is "theoretically possible" that Sowell submitted grievances other than those he attached to his complaint (Dkt. 76, at 5 n.2). Her motion relies only on the "strong[] infer[ence]" from Sowell that he filed no additional grievances (*id.*). On this record, Northcutt has not met her burden to show beyond doubt that Sowell cannot overcome the exhaustion defense for his claims about events in 2020. *See Am. Precision Ammunition*, 90 F.4th at 824.

Regarding Sowell's complaint in the second supplemental complaint alleging that the defendants violated his rights in 2022, the defendants also urge dismissal of all claims on exhaustion grounds, relying solely on the grievance submitted by Sowell (Dkt. 61

(Grievance 2023010837)).   The defendants argue that the submitted grievance is inadequate because it was filed on September 23, 2022, four days before Northcutt's alleged deprivation of medical care on September 27, 2022. They also maintain that Sowell filed his second supplemental complaint on November 14, 2022, before receiving the Step 2 response dated December 16, 2022 (Dkt. 75, at 4-5).

In response, Sowell again states that he filed grievances regarding other incidents, which began earlier than September 27, 2022, and that discovery will reveal relevant grievances (Dkt. 88, at 2; *see* Dkt. 90; Dkt. 93). Moreover, as in the first motion, the defendants acknowledge that it is "theoretically possible" that Sowell submitted other grievances that exhausted his claims (Dkt. 75, at 4 n. 2).   Thus, on this record, the Court thus cannot conclude that Sowell can prove no set of facts that would overcome the exhaustion defense.   *See Am. Precision Ammunition*, 90 F.4th at 824.

The motions to dismiss on exhaustion grounds will be denied.   The defendants may raise the exhaustion defense on summary judgment, if warranted.

## IV.   <u>CONCLUSION</u>

For the reasons explained above the Court now **ORDERS** as follows:

1. The defendants' motion to dismiss Sowell's second supplemental complaint (Dkt. 75) on exhaustion grounds is **DENIED** on this record.

2. The defendants' motion to dismiss Sowell's amended complaint (Dkt. 76) is **GRANTED in part** and **DENIED in part**.   All claims against Warden Richardson are **DISMISSED with prejudice**.   In all other respects, the motion is **DENIED**.

3. The plaintiff's motions to oppose the defendants' motions (Dkt. 88; Dkt. 89), which are requests for the denial of the defendants' motions to dismiss, are **GRANTED in part** and **DENIED in part** as stated immediately above.

4. The stay entered by the Court on February 6, 2024 (Dkt. 92) is now **LIFTED**. Northcutt's answer, the parties' disclosures, and the defendants' motions for summary judgment must now be filed in accordance with deadlines in the Federal Rules of Civil Procedure and the Court's order to answer dated September 20, 2023. Sowell must respond to any motion from the defendants **within 30 days** of the date the motion was mailed to him.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ March 27 _____, 2024.


_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE